UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-62051-CIV-DIMITROULEAS

GESNEL PIERRE-LOUIS,

Plaintiff,

v.

HON. MARCO ANTONIO RUBIO as Secretary of State, and HON. MARKWAYNE MULLIN, as Secretary of Homeland Security,

Defendants.
_________________________________/

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

THIS CAUSE is before the Court *sua sponte*.

A court has the inherent power to *sua sponte* dismiss a case for lack of prosecution. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630 (1962). Pursuant to Rule 41(b), a district court may dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules. Fed. R. Civ. P. 41(b).

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, a plaintiff must serve the summons and complaint on the defendant within 90 days after filing the complaint. Plaintiff filed a Complaint on July 26, 2026 [DE 1], yet there is no indication Defendants have been served.

On October 27, 2026, the Court ordered Plaintiff to either perfect service upon Defendants, show that service has already been made, or show good cause why service has not been perfected. The Court stated that "[f]ailure to timely respond will result in immediate dismissal of Defendants without prejudice and the Court closing this case." [DE 4]. In response, Plaintiff filed an Amended Complaint, removing Markwayne Mullin as a Defendant, but making

no effort to file a response showing that service has been made or good cause why service has not been perfected as to remaining Defendant Marco Rubio.[1]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This action is **DISMISSED WITHOUT PREJUDICE**;

2. The Clerk is **DIRECTED** to **CLOSE** this case and **DENY** all pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of November, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
All Counsel of Record

[1] Plaintiff's filing of the Amended Complaint is improper. Under Fed. R. Civ. P. 15(a)(1), a plaintiff may amend a complaint once as a matter of right within 21 days after serving it, or within 21 days after a responsive pleading or a Rule 12(b), (e), or (f) motion is served, whichever is earlier. Here, because Plaintiff failed to demonstrate that service was effectuated, the Court cannot consider the filing of the Amended Complaint to comply with Rule 15(a)(1).